IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

ARTHUR JAMES MARTIN,

                      Petitioner,                  Case No. 3:05 CV 7236

-vs-

                                                  MEMORANDUM   OPINION
UNITED STATES OF AMERICA,                     AND   ORDER

                      Respondent.

KATZ, J.

       Petitioner, Arthur James Martin, acting *pro se,* has filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255.  Basically, he claims his sentence is unconstitutional following recent Supreme Court decisions in January 2005 holding, among other things, that the Federal Sentencing Guidelines are no longer mandatory but are now advisory.  For the multiple reasons hereinafter stated, the Petitioner's motion is denied.

       In summary, the Petitioner (Martin) was indicted with others on January 2, 2002 on a two count indictment which charged robbing Old Fort Banking Company of $5,660 and with using a firearm in connection with a crime of violence.  Martin was represented by counsel and entered into a plea agreement in which he admitted guilt as to both counts.  That plea agreement contained a waiver of substantially all of Martin's right to appeal or challenge his sentence, including a § 2255 motion.  The sentencing history and review of the presentence report are well set out in the Government's opposition to this motion.  On May 28, 2002, this Court found Martin's criminal history category to be overstated and reduced it two levels to a Category II, with a corresponding sentencing range of 33 - 41 months on count one and 84 months on count two.  He was sentenced at the low end of the range at 33 months on count one and 84 months on count

two, the gun count, to be served consecutively, followed by 3 years of supervised release and an order of restitution. No direct appeal was taken.

This motion was filed on March 31, 2005. There are three reasons why this Court must deny the Petitioner's motions: 1) Martin waived substantially all rights to appeal, including the filing of a petition under section 2255; 2) the motion is untimely filed; 3) the changes in the status of the Federal Sentencing Guidelines are not retroactive except as to cases pending in the district court or on direct appeal.

It would be sufficient to state that this Court and the Court of Appeals for the Sixth Circuit have consistently held that a criminal defendant can effectively waive the right to collaterally attack the sentence in the plea agreement. *McNeal v. United States,* F.2nd 801, 807 (N.D. Ohio 1999). For that reason alone this motion should be denied. However, as well pointed out by the Government in it's response, § 2255 precludes a prisoner from filing the motion challenging his conviction or sentence more that one (1) year after that conviction has become final. 28 U. S. C. § 2244(d)(1)(A). Finally, the United States Supreme Court decided *United States v. Booker*, 125 S.Ct. 738 (2005) which held that the Federal Sentencing Guidelines are now advisory. However, the *Booker* decision included a statement that the decision is not applicable to cases such as the one before this Court. Since this case had no direct appeal and is before the Court on collateral, attack the case of *Humphress v. United States*, 398 F.3d 855 (6th Cir. 2005) is applicable.

For the reasons herein stated above and as more expansively treated in the Government's response, the Petitioner's motion is denied.

IT IS SO ORDERED.

    s/ *David A. Katz*
DAVID A. KATZ
SENIOR U. S. DISTRICT JUDGE

2